UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

INVISIBLE FENCE, INC., )
 )
      Plaintiff, )
 ) No. 3:09-CV-25
v. ) (COLLIER/GUYTON)
 )
FIDO'S FENCE, INC., )
 )
      Defendant. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are the parties' Daubert challenges, which include: Defendant's Motion to Exclude Plaintiff's Expert Witness Dr. Erich Joachimsthaler [Doc. 120] and Plaintiff's Motion to Exclude the Opinion Testimony of Ronald R. Butters [Doc. 124]. The parties have fully briefed the issues presented therein, and on September 18, 2013, the parties appeared before the Court to present oral arguments relating to these motions. The Court finds that these motions are now ripe for adjudication. For the reasons stated herein, they will be **DENIED**.

**I.    BACKGROUND**

Plaintiff is in the business of making and selling pet products, including animal containment systems. Defendant is in the business of selling and installing electronic animal containment systems and is also in the business of pet-obedience training.

The parties have a long history. For approximately twenty years, Defendant was a retailer of Plaintiff's products. The relationship soured in early 2008, and since early 2008, the Defendant has sold electronic pet containment systems manufactured by the Plaintiff's competitors.

In the instant suit, the Plaintiff moves the Court to declare the validity of: United States Trademark Registration No. 1,371,021 for the trademark "INVISIBLE FENCING"; United States Trademark Registration No. 1,600,470 for the trademark "INVISIBLE FENCE"; and United States Trademark Registration No. 1,765,230 for the trademark "INVISIBLE." Plaintiff also presents claims for unfair competition, trademark infringement, breach of contract, and breach of implied covenant of good faith and fair dealing.

Defendant denies the validity of the trademarks at issue and denies liability for the claims presented. Defendant presents a counterclaim for declaratory judgment that the trademarks for "INVISIBLE FENCING," "INVISIBLE FENCE," and "INVISIBLE" are not valid and have not been violated.

## II. ANALYSIS

The parties have disclosed experts that they expect to call as witnesses in this case. The opposing parties have challenged the expert testimony proposed pursuant to Rule 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

Federal Rule of Evidence 702 governs the admission of expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable

principles and methods, and (3) the witness has applied the
principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the Supreme Court of the United States stated that a district court, when evaluating evidence proffered under Rule 702, must act as a gatekeeper, ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." <u>Id.</u> at 589. The <u>Daubert</u> standard "attempts to strike a balance between a liberal admissibility standard for relevant evidence on the one hand and the need to exclude misleading 'junk science' on the other." <u>Best v. Lowe's Home Ctrs., Inc.</u>, 563 F.3d 171, 176–77 (6th Cir. 2009).

The Rule 702 inquiry as "a flexible one," and the <u>Daubert</u> factors do not constitute a definitive checklist or test. <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 138-39 (1999)(citing <u>Daubert,</u> 509 U.S. at 593). "[R]ejection of expert testimony is the exception, rather than the rule," <u>In re Scrap Metal Antitrust Litig.</u>, 527 F.3d 517, 530 (6th Cir. 2008) (citing Fed. R. Evid. 702 advisory committee's note, 2000 amend.), and "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence," <u>Daubert</u>, 509 U.S. at 596.

**A.      Motion to Exclude Plaintiff's Expert Witness Dr. Erich Joachimsthaler [Doc. 120]**

Dr. Erich Joachimsthaler is founder and Chief Executive Officer of Vivaldi Partners Group, a strategic consulting firm with a focus on strategy, marketing, and innovation. Dr. Joachimsthaler states that he has been a professional in the brand and marketing field for more than twenty years and has provided expert brand and marketing advice to a diverse set of clients

3

in industries such as consumer products, professional services, hospitality, healthcare, technology, telecommunications and financial services, among others. [Doc. 123-1 at 1].

Dr. Joachimsthaler has a Ph.D. in Business Administration, with emphasis on statistics and marketing, from the University of Kansas, and has completed a post-doctoral fellowship at the Harvard Business School. He is a member of the American Marketing Association and the European Society for Opinion and Marketing Research. He has held faculty positions at the Darden Graduate School of Business Administration at the University of Virginia, the University of Southern California, the University of Houston, and IESE (Instituto Superiores de la Empresa) in Barcelona, New York, London and Munich. [Id. at 2].

In his expert report, Dr. Joachimsthaler finds, *inter alia*: the Invisible Fence brand is an important business asset; it has a clear and unique brand positioning; the Invisible Fence brand has "positive brand equity" and a high level of brand awareness; and Defendant has tried to "ride on the coat tails" of such branding. [Id. at 4-6].

In its Motion to Exclude Expert Witness Dr. Erich Joachimsthaler [Doc. 120] and supporting Memorandum [Doc. 138], the Defendant moves for an order excluding Dr. Joachimsthaler from testifying. Defendant argues that Dr. Joachimsthaler's opinions are irrelevant, unreliable, and highly prejudicial. Defendant contends that the generic nature of Dr. Joachimsthaler's opinion is the primary basis for excluding Dr. Joachimsthaler's tesitomony, but it also argues that Dr. Joachimsthaler opinions are not supported by independent studies or other appropriate research. Defendant argues that the only surveys cited by Dr. Joachimsthaler were reports commissioned by Invisible Fence years ago, and Defendant maintains that Dr. Joachimsthaler merely speculates about the brand's recognition.

4

Case 3:09-cv-00025-CLC-HBG  Document 203  Filed 01/17/14  Page 4 of 8  PageID #: 6561

Plaintiff responds that Dr. Joachimsthaler is well-qualified to opine on the issues in this case and that his opinions are based upon reliable methods and sufficient information. [Doc. 154]. Plaintiff argues that the Defendant's position that Dr. Joachimsthaler's opinions are cursory and based upon limited review is not well-taken, where Defendant has failed to even depose Dr. Joachimsthaler regarding the basis of his opinions. Plaintiff argues that Dr. Joachimsthaler relies on interviews with its staff, advertising materials, marketing collateral, products manuals, internal business records, and prior studies and literature previously prepared by "independent industry professionals in the ordinary course of business." [Id. at 7]. Plaintiff maintains that Dr. Joachimsthaler is extremely qualified through his experience in the field, his education, and his academic background.

In its reply, Defendant argues that, while Dr. Joachimsthaler couches his opinions in terms of the "Invisible Fence brand," virtually none of the analysis in his report addresses the alleged marks at issue in this case – *e.g.* "INVISIBLE FENCE," "INVISIBLE FENCING." [Doc. 159]. Defendant maintains that opinions as to brand awareness and brand equity are not relevant and his opinions regarding the effects of the Defendant's actions on the brand are unreliable.

The Court finds that Dr. Joachimsthaler's specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. His specialized knowledge will help the trier of fact determine whether the terms at issue constitute a brand name or are generic terms. The Court finds that Dr. Joachimsthaler is qualified, by knowledge, experience, and education, to offer opinion testimony on such issues.

While the research on which Dr. Joachimsthaler relied may garner criticism, the Court finds that the testimony is based upon sufficient facts and is the product of reliable principles and

5

methods.  Further, the Court finds that Dr. Joachimsthaler has applied his expertise and knowledge to the facts of the case in a reliable manner.  To the extent that his opinion testimony is susceptible to critique for its genericness or the nature of its underlying data, the Court finds that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the appropriate means for addressing such.  Daubert, 509 U.S. at 596.

Accordingly, the Court finds that the Defendant's Motion to Exclude Plaintiff's Expert Witness Dr. Erich Joachimsthaler **[Doc. 120]** is not well-taken, and it is **DENIED**.

### B. Motion to Exclude the Opinion Testimony of Ronald Butters [Doc. 124]

Dr. Ronald R. Butters obtained his doctorate in English with a concentration in linguistics and was a founding member of the Advisory Board of the *New Oxford American Dictionary*. [Doc. 75-10 at 48].  He has served as a member of the faculty of the Department of English at Duke University since 1967 and also served as a professor in the Department of Cultural Anthropology.  [Id.].  At various times he has chaired both departments.  Dr. Butters's "scholarly work and teaching has focused upon linguistic analysis of contemporary American English and its antecedents, and languages influencing, or influenced by, English in the modern world."  [Id. at 49].

In his report, Dr. Butters states that he was retained to provide his expert opinion and analysis concerning the ordinary American English meaning of the words and terms: "invisible," "invisible fence," and "invisible fencing."  [Id. at 1]. Dr. Butters summarizes his testimony as finding that "ordinary reasonable adult speakers of contemporary American English customarily use and understand the word *invisible* and the compound forms *invisible fence* and *invisible*

6

*fencing* as GENERIC terms when used in reference to electronic animal containment systems." [Id. at 2].

Plaintiff argues that Dr. Butters should be excluded from testifying in this case. [Doc. 124]. Plaintiff contends that Dr. Butters's findings are outside his area of expertise and are not based upon sufficient data or reliable principles. [Doc. 125]. Specifically, Invisible Fence argues that Dr. Butters cannot testify whether any term is generic as a matter of law, and Invisible Fence maintains that Dr. Butters used a small, unrepresentative body of data and "cherry picked" his exemplars. [Id.]

Defendant responds that Dr. Butters's opinion is based upon "extensive examples of use of these terms in compendiums of American English language, books written for dog-owning consumers, statutes and ordinances, patents and patent applications, Wikipedia, and historical publications." [Doc. 155 at 1]. Fido's argues that Dr. Butters is well-qualified to testify with over forty years of experience as a professor at Duke University. [Id. at 2]. Fido's maintains that courts regularly find such testimony admissible, and Fido's argues that the data relied upon are sufficient. [Id. at 3-5].

Plaintiff replies that Dr. Butters's testimony is not helpful because the case will not turn upon whether the terms used in the brand-name are "amenable to a dictionary definition." [Doc. 160 at 1-2]. Plaintiff submits that Dr. Butters's testimony will, therefore, confuse the trier of fact. [Id. at 2-5]. Plaintiff also argues that Dr. Butters is not qualified to distinguish between trademark usage and non-trademark usage. [Id. at 6-7]. Plaintiff reiterates that the testimony is neither reliable, nor relevant. [Id. at 8].

The Court finds that Dr. Butters's specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. His specialized knowledge will help the

trier of fact determine the use of the terms at issue and how they are generally understood. The Court finds that Dr. Butters is qualified, by knowledge, experience, and education, to offer opinion testimony on such issues.

While Dr. Butters may be somewhat academic, the Court finds that the testimony is based upon sufficient facts and is the product of reliable principles and methods. Further, the Court finds that Dr. Butters has applied his expertise and knowledge to the facts of the case in a reliable manner. To the extent that his opinion testimony is susceptible to critique for its reliance upon "a dictionary definition," the Court finds that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" are the appropriate means for addressing such. Daubert, 509 U.S. at 596.

Accordingly, the Court finds that Plaintiff's Motion to Exclude the Opinion Testimony of Ronald R. Butters **[Doc. 124]** is not well-taken, and it is **DENIED.**

### III. CONCLUSION

In sum, Defendant's Motion to Exclude Plaintiff's Expert Witness Dr. Erich Joachimsthaler **[Doc. 120]** and Plaintiff's Motion to Exclude the Opinion Testimony of Ronald R. Butters **[Doc. 124]** are **DENIED.**

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

8

Case 3:09-cv-00025-CLC-HBG   Document 203   Filed 01/17/14   Page 8 of 8   PageID #: 6565